UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHANE M. GATES | CIVIL ACTION |
| VERSUS | NO. 13-6425 |
| SHERIFF RODNEY JACK STRAIN, ET AL. | SECTION "K"(2) |

and

| | |
|---|---|
| SHANE M. GATES | CIVIL ACTION |
| VERSUS | NO. 07-6983 |
| SHERIFF RODNEY JACK STRAIN, ET AL. | SECTION "K"(2) |

## ORDER AND REASONS

Before the Court is a Motion to Stay (Doc. 29) filed by defendants, St. Tammany Parish Sheriff, Rodney "Jack" Strain, in his official and individual capacity as Sheriff, St. Tammany Parish Sheriff Captain Sherwood, St. Paul Fire & Marine Insurance Company , Louisiana Attorney General James D. "Buddy"Caldwell, the office of the Louisiana Attorney General, Kathryn Landry, ADA Nicholas f. Noriea and ADA Ronnie Gracianette (hereinafter "Defendants").  Having reviewed the pleadings, memoranda and the relevant law, the Court finds merit in this motion.

**Background**

This case is a continuation of a matter that is stayed in this Court, that being *Shane M. Gates v. Sheriff Rodney Jack Strain, et al.*, C.A. No. 07-6983.  In the 2007 suit, Shane Gates seeks damages under 42 U.S.C. § 1983, *et seq.*, under 45 C.F.R. 164.513 ("HIPAA"), pendent state law claims, and a claim for injunctive relief to prevent bad-faith prosecution.  That case

arose from the arrest of Shane M. Gates ("Gates") on November 16, 2006 for (1) obstruction of a highway, (2) driving while intoxicated[1]; (3) having an open container; (4) reckless operation and (5) resisting arrest. The circumstances surrounding that arrest have been hotly contested and formed the basis for the original § 1983 suit based on his contention that he was wrongfully and brutally beaten in and around the face by sheriff deputies at the time of his arrest. Gates sued a litany of defendants, including Sheriff Rodney Jack Strain ("Strain") in his official and individual capacity; the St. Tammany Parish Sheriff's Office; District Attorney Walter P. Reed in his official capacity; St. Tammany District Attorney's Office; Attorney Charles M. Hughes, Jr.; Sheriff Deputy Nathan Miller; Sheriff Deputy Roger Gottardi; and Sheriff Deputy Brian Williams.

     Gates further contends in that 2007 suit that the defendants sought to extort out of Gates the relinquishment of his claims against the St. Tammany defendants in exchange for his abandoning his constitutional rights under § 1983. He sought to have the federal court step in to prevent further alleged violations of Gates' constitutional rights and enjoin the criminal prosecution. He based this contention on the allegation that Gates was initially charged by the St. Tammany District Attorney's Office **only** with aggravated flight (felony) and DUI (which can be enhanced to a felony); however, ten months later and after, on the eve of trial and after a civil suit was threatened by Gates' attorney ( who is also his step-father), a new bill of information issued which then included resisting arrest which under the jurisprudence of *Heck v.*

---

[1] A .28 blood alcohol level reading was obtained which plaintiff maintains is inaccurate and wrongfully procured.

*Humphrey*, 512 U.S. 477 (1994)[2] and its progeny might act as a complete bar to plaintiff's § 1983 claim if these injuries were the direct result of his having resisted the arrest.

The 2007 case was initially stayed on April 17, 2008, pending the resolution of the criminal charges in the Twenty-Second Judicial District Court, (Rec. Doc. 81).  On July 27, 2012, Gates was indeed acquitted of the felony aggravated flight charges and moved the Court to re-open without informing the Court that the misdemeanor charges were still pending.  Those misdemeanor criminal charges including resisting arrest were and remain still pending[3] and as noted could result in the dismissal of the § 1983 suit.  The Court on reconsideration issued its Order and Reasons again staying that case pending the outcome of the misdemeanor charges which in the event Gates is found guilty might render this suit moot under *Heck v. Humphrey*, 512 U.S. 477 (1994).  Apparently, the resisting arrest trial had been set for August 12, 2013 in the 22nd Judicial District Court before Judge Swartz..

The instant suit arises out of these same underlying facts and involves four of the same defendants[4].  This suit was filed in the United States District Court for the Middle District of Louisiana on August 5, 2013 (on the eve of the misdemeanor trial) and transferred to the Eastern

---

[2]*Heck* stands for the proposition:
that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that "violation arose from the same facts attendant to the charge for which has was convicted, unless he proves 'that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal curt's issuance of a writ of habeas corpus.'" *Bush v.* Strain, 513 F.3d 492, 497 (5th Cir. 2008) citing *Heck,* 512 U.S. at 486-87

[3]For a full explanation of all of the charges and procedural history of this case, see Rec. Docs. 81 and 121 in C.A. No. 07-6983.

[4]St. Tammany Parish District Attorney, Walter Reed; St. Tammany Parish Sheriff, Rodney "Jack" Strain; The St. Tammany Parish District Attorney's Office; and St. Paul-Traveler's Insurance Company.

District on November 15, 2013.  The case was initially allotted to another section of this court, but was transferred to the undersigned based on its being related to the 2007 suit.

In this §1983 complaint, plaintiff now alleges that the District Attorney of St. Tammany Parish, the St. Tammany Parish clerk of Court and the Bench in St. Tammany Parish have conspired against him, committing a "fraud upon the Court"  and that the defendants have committed various crimes in pursuit of the second criminal prosecution.  In both civil lawsuits, plaintiff seeks "injunctive relief to prevent bad faith prosecution."  In both complaints, plaintiff asserts that evidence has been destroyed, altered or fabricated.   While there are new facts added, these facts are inextricably linked to the events of the night of November 16, 2006.  Indeed, this case is the chronological extension of the stayed suit.

In *Wallace v. Kato*, 549 U.S. 384 (2007),  the Supreme Court stated:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. . . . If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck*, will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Id.* at 393-394.  *See Busick v. City of Madison Mississippi*, 20 Fed. Appx. 713 (Feb. 6, 2004); *Quinn v. Guerrero*, 2010 WL 412901 (E.D. Tex. 2010). Clearly then, a stay in this matter is appropriate.

Moreover, plaintiff's claim that he is entitled to injunctive relief to prevent bad-faith prosecution as to the misdemeanor claim has been previously rejected by this Court and that analysis remains valid and is hereby re-iterated and adopted in full in this case.  *Gates v. Strain,* 2011 WL 2690607 (E.D.La. July 11, 2011).  The Court found then that under the provisions of

the Anti-Injunction Act, 28 U.S.C. § 2283, *Younger v. Harris* , 401 U.S. 37 (1971) and *Shaw v. Garrison*, 467 F.2d 113, 114 (5th Cir. 1972),  that the facts in the 2007 case did not meet the requisite  threshold to allow this Court to enjoin the state court proceeding.  The suit sought to be enjoined herein is the self-same suit; any "new" evidence of "bad-faith,"  "manufacturing," and "altering" can be presented in Gates' defense and will speak directly to a jury's decision as to guilt or innocence on the charges brought.  Accordingly,

**IT IS ORDERED** that this higher-numbered case, *Gates v. Strain*, C.A. 13-6425 be **CONSOLIDATED** with the lower numbered case, *Gates v. Strain,* C.A. No. 07-6983.   This higher-numbered case is hereby **CONSOLIDATED** with the lower numbered case and that lower numbered case is hereby designated as the "lead case."

Pursuant to the court's directive, all pleadings hereafter filed in this consolidated proceeding shall bear the caption of the lead case together with **only the docket number** of all cases within the consolidated suit to which the document applies or the notation "All Cases" if it applies to all cases.

The clerk of court is directed to establish a master file and a master docket sheet for the consolidated group of cases.

All entries shall be made on the master docket sheet only, with a notation listing the cases to which the document applies, except that orders and documents terminating a party or disposing of a case will also be entered on the individual docket sheet.  All documents shall be filed in the master file only, except that orders and documents terminating a party or disposing of a case will also be filed in the record of the individual case.

In the event that a case is separated from the consolidated group it shall be the responsibility of counsel to jointly designate documents necessary to the continued litigation of the case and to file such designation and copies of the documents.

**IT IS FURTHER ORDERED** that Motion to Stay (Doc. 29) in C.A. No. 13-6425 is **GRANTED**.

**IT IS FURTHER ORDERED** that the following motions filed in C.A. No. 13-6425:

Motion for More Definite Statement (Doc. 30);

Motion for Entry of Default as to Defendant Walter P. Reed (Doc. 51);

Motion for Entry of Default as to All Defendants (Doc. 52);

Motion for Entry of Default as to Defendant Richard A. Swartz (Doc. 53);

Motion to Stay or in the Alternative Motion to Dismiss (Doc. 55)

are **DISMISSED as MOOT** without prejudice to such motions being re-filed upon the proper reopening of these matters.

New Orleans, Louisiana, this 20th day of August, 2014.

                                                **STANWOOD R. DUVAL, JR.**
                                 **UNITED STATES DISTRICT COURT JUDGE**